IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LEONARD HARRIS #20100329082,   )
                                )
            Plaintiff,          )
                                )
    v.                          )   No.  10 C 4316
                                )
ERIC GRAY #1012,                )
                                )
            Defendant.          )

MEMORANDUM ORDER

Leonard Harris ("Harris") has filed a self-prepared Complaint against University of Chicago Police Officer Eric Gray ("Gray"),[1] charging him with the asserted violation of Harris' constitutional rights by handcuffing him and beating his legs with a baton.  This Court has conducted the initial screening called for by 28 U.S.C. §1915A(a),[2] and it dismisses both the Complaint and this action for lack of subject matter jurisdiction.

Harris' problem in invoking Section 1983 is that a University of Chicago employee such as Gray, even though serving the University in its "police" force, is not a "state actor" subject to suit under that section as having acted "under color

---

[1] "Self-prepared" is used in the sense that Harris has employed the form of 42 U.S.C. §1983 ("Section 1983") Complaint provided by this District Court's Clerk's Office for use by persons in custody, with the information called for by that document being provided in handwritten form.

[2] Further citations to that and any other provisions of Title 28 will also take the form "Section --."

of" state law.  Section 1915A(b) accordingly calls for dismissal of the Complaint, and the absence of federal subject matter jurisdiction calls for dismissal of this action as well.

One other subject needs to be discussed.  Harris has accompanied the Complaint with a filled-out form of In Forma Pauperis Application ("Application")--a form by which a plaintiff seeks leave to proceed without prepayment of the full filing fee, although Section 1915 provides for granting such in forma pauperis status only on condition that the $350 filing fee be paid in future installments.  In that respect the Application has been supplemented by a printout that reflects the transactions in Harris' trust account at the Cook County Jail ("County Jail," where he is in custody)(see Section 1915(a)(2)) and shows average monthly deposits of $1.75.

That information calls for an initial payment of $0.35 on account of the $350 filing fee (see Section 1915(b)(1)).  Accordingly Harris is now assessed that initial fee of $0.35, and the County Jail's trust fund officer is ordered to collect that amount from Harris' trust fund account and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention:  Fiscal Department

Both the initial payment and all future payments shall clearly

identify Harris' name and the 10 C 4316 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the County Jail trust fund officer.

After such initial payment, the trust fund officer at the County Jail (or any other correctional facility where Harris is now or may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 14, 2010